Peter Rukin, Esq., SBN 178336
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

Rosa Vigil-Gallenberg (SBN251872)
GALLENBERG PC
333 S. Grand Ave, 25th Floor
Los Angeles, CA 90071
Telephone: (213) 943-1343
Facsimile: (213) 254-0400
Email: rosa@gallenberglaw.com

Attorneys for Representative Plaintiff
and the Plaintiff Class

E-filing

EMC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

JUSTIN LARKIN on behalf of himself and all others similarly situated,

Plaintiff,

v.

YELP! INC.,

Defendant.

CV 11 1503

**COMPLAINT FOR DAMAGES**

**FLSA COLLECTIVE ACTION**
**RULE 23 CLASS ACTION**

**(1) FLSA OVERTIME (29 U.S.C. §§ 207; 216(b), 255(a));**
**(2) CALIFORNIA OVERTIME (Cal. Lab. Code §§ 510, 1194; IWC Wage Order No. 4, § 3);**
**(3) WAITING TIME PENALTIES (Cal. Lab. Code §§ 201, 202, 203);**
**(4) UCL RESTITUTION**
**(CA Bus. & Prof. Code §§ 17200 *et seq.*)**
**(5) ITEMIZED WAGE STATEMENT DAMAGES (Cal. Lab. Code § 226(a), 226(e))**

**DEMAND FOR JURY TRIAL**

1     1.     On information and belief, Plaintiff Justin Larkin on behalf of himself and all others

2    similarly situated alleges as follows:

3                     **I.    JURISDICTION**

4     2.     The Court has original jurisdiction over Plaintiff's First Claim for Relief pursuant to

5    28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

6     3.     This Court has supplemental jurisdiction over Plaintiff's Second, Third, Fourth, and

7    Fifth Claims for Relief pursuant to 28 U.S.C. § 1367(a).

8              **II.    VENUE AND INTRADISTRICT ASSIGNMENT**

9     4.     Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial

10   part of the events or omissions giving rise to Plaintiff's claims occurred here. Plaintiff worked for

11   Defendant in its offices within this district, specifically, Defendant's offices in San Francisco.

12   Accordingly, a substantial part of the events or omissions which give rise to the claim occurred in

13   San Francisco County, and within the Division and Courthouse in which this action has been

14   commenced.

15                    **III.    INTRODUCTION**

16     5.     Plaintiff's claims in this case are based on the failure of Defendant Yelp! Inc.

17   ("Defendant") to pay overtime wages to Plaintiff and other similarly-situated "Account Executive"

18   employees for the substantial overtime hours they have worked. Defendant has classified Account

19   Executive employees, including Account Executive Trainees, Junior Account Executives, Account

20   Executives, and Senior Account Executives (collectively, "Account Executives") as "exempt" from

21   the federal and California laws requiring the payment of overtime wages for all overtime hours

22   worked, and, on that basis, has failed to pay Account Executives for their overtime hours worked.

23   Defendant's failure to pay overtime wages to its Account Executives is a violation of California

24   and federal law because Account Executives do not satisfy the requirements of any applicable

25   exemption from the federal or California overtime laws.

26     6.     Plaintiff brings claims for payment of overtime, liquidated damages, interest, and

27   attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") on

28

COMPLAINT FOR DAMAGES        - 2 -

1    behalf of similarly situated individuals who have worked as Account Executives for Defendant

2    ("FLSA Collective Action Members"). These claims are brought on behalf of Plaintiff and all

3    FLSA Collective Action Members during the period commencing three years prior to the filing of

4    their respective consents to be included in this collective action (the "Collective Action Period").

5         7.    Plaintiff also brings claims under California law for overtime compensation, other

6    damages, restitution, statutory penalties, interest, and attorneys' fees and costs. These California

7    claims are brought on behalf of Plaintiff and, pursuant to Federal Rule of Civil Procedure 23, on

8    behalf of all other persons who worked as Account Executives in California ("California Class

9    Members") at any time during the period commencing four years prior to the filing of this action

10    (the "Class Period").

11         8.    The California Class Members and FLSA Collective Action Members shall

12    hereinafter be collectively referred to as "Class and Collective Action Members."

13                         **IV.   PARTIES**

14    **A.    Plaintiff**

15         9.    Plaintiff Justin Larkin is a citizen of California residing in the city and county of

16    San Francisco. Mr. Larkin was employed by and worked for Defendant in its San Francisco offices

17    as an Account Executive from approximately September 2008 until March 2009.

18    **B.    Defendant**

19        10.    Defendant Yelp! Inc. is a corporation with its principal place of business in San

20    Francisco, California. At all times relevant to this action, Defendant has been an employer covered

21    by the FLSA, the California Labor Code, and the California Industrial Welfare Commission Wage

22    Order ("IWC Wage Order") applicable to Defendant's industry or its Account Executives'

23    occupation, which is presumed to be IWC Wage Order No. 4.

24                     **V.   STATEMENT OF FACTS**

25        11.    Defendant owns and operates a website(s) whose purpose is to help people find

26    local businesses to patronize. Defendant is not engaged in retail sales. Rather, Yelp makes money

27    by selling online advertising products to businesses. Regardless of their specific job title –

28

1  Account Executive Trainee, Junior Account Executive, Account Executive, or Senior Sales

2  Account Executives – all Class and Collective Action Members have had the same core job duty

3  of, and have spent the vast majority of their work time, trying to sell Yelp's advertising products.

4  More specifically, Class and Collective Action Members are primarily engaged in making calls to

5  potential sales leads from Yelp's offices to pitch Yelp's advertising products and try to produce

6  individual sales of those products.

7          12.     Yelp has paid all Class and Collective Action Members under a common

8  compensation plan and policy. At all times during the period covered by this action, all Class and

9  Collective Action Members have been paid a base salary. During the relevant time period herein,

10  Class and Collective Action Members have also had the ability to earn additional compensation or

11  move to a higher level of compensation based on their performance. Regardless of the specific

12  compensation plan that has been in effect at any given time, during all time periods relevant to this

13  action, the majority of all Class and Collective Action Members compensation has been comprised

14  of base salary.

15          13.     During the time period covered by this action, all Class and Collective Action

16  Members have worked more than forty (40) hours in a workweek and/or more than eight (8) hours

17  in a workday ("overtime"). Plaintiff worked overtime, observed other Class and Collective Action

18  Members work overtime, and also learned of other Class and Collective Action Members working

19  overtime through their conversations with other Class and Collective Action Members.

20  Throughout the time period covered by this action, Defendant has had actual or constructive

21  knowledge that Class and Collective Action Members have been working overtime. For example,

22  Class and Collective Action Members have regularly been present in Defendant's offices working

23  overtime. Further, Defendant has induced Class and Collective Action Members to work overtime

24  by establishing compensation plans under which Class and Collective Action Members were

25  promised additional compensation above what would otherwise be their base salary if they met or

26  exceeded certain sales quotas that Defendant set.

27

28  COMPLAINT FOR DAMAGES          - 4 -

14. Defendant has classified all Class and Collective Action Members as being exempt from federal and California laws requiring the payment of overtime wages for overtime on a categorical, class wide basis. On the basis of this common, class wide exempt classification, Defendant has maintained and applied a single common policy, plan, and practice of not paying any Class and Collective Action Members the overtime wages required under the FLSA or California law for overtime work by non-exempt employees – i.e., at least one and one half times the employee's regular rate for all overtime work. The legality of this common policy, plan and practice is at issue in this lawsuit. In fact, Class and Collective Action Members have not been exempt from overtime under either federal or California law at any time during the Class Period or Collective Action Period during which they have been employed as Account Executives.

15. Defendant has not kept records of Class and Collective Action Members' work hours. The itemized statements that Defendant has furnished to Class and Collective Action Members at the time they are paid their wages do not show their total hours worked or their overtime hours.

16. Defendant has induced and misled Class and Collective Action Members to believe they are exempt from overtime by communicating to them as a matter of purported fact that they are exempt from overtime.

## VI. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff brings the First Claim For Relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the FLSA Collective Action Members, who include all persons who have worked for Defendant in California, New York, Arizona, and other states as Account Executives (including Account Executive Trainees, Junior Account Executives, Account Executives, and Senior Account Executives) at any time within the applicable statutory time period.

18. Plaintiff and the FLSA Collective Action Members performed the same or substantially similar duties for Defendant, were subject to Defendant's common policy and practice of not paying at least one and one-half times the employee's regular rate for overtime, have

COMPLAINT FOR DAMAGES                                    - 5 -

1    otherwise been subject to common compensation plans, policies and practices, and are otherwise
2    "similarly situated" employees within the meaning of the FLSA.

3        19.    The First Claim For Relief for violations of the FLSA may be brought and
4    maintained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b),
5    because Plaintiff's claims and all FLSA Collective Action Members are similarly situated.

6        20.    The names and addresses of the FLSA Collective Action Members are available
7    from Defendant. Accordingly, Plaintiff prays herein for an order requiring Defendant to provide
8    the names and all available contact information for all FLSA Collective Action Members, so notice
9    can be provided to them of the pendency of this action, and their right to opt-in to this action.
10   Plaintiff further prays that the applicable statute of limitations be tolled based on, among other
11   reasons, Defendant's conduct in misrepresenting the facts to Collective Action Members with
12   regard to their eligibility for overtime pay.

13                    **VII.    RULE 23 CLASS ACTION ALLEGATIONS**

14       21.    Plaintiff brings all claims alleged herein under California law as class action claims
15   on behalf of, and seeks to have certified pursuant to Rule 23 of the Federal Rules of Civil
16   Procedure, the class comprised of:

17           All persons who have been employed by Yelp! Inc. as Account Executives
18           (including but not limited to Account Executive Trainees, Junior Account
19           Executives, Account Executives, and Senior Account Executives) in the state of
20           California during any portion of the period commencing four years from the filing
21           of this action through the entry of final judgment in this action.

22       22.    The class claims herein have been brought and may properly be maintained as a
23   class action under Rule 23 of the Federal Rules of Civil Procedure because (1) the class is so
24   numerous that joinder of all class members is impracticable; (2) there are questions of law and or
25   fact common to the class; (3) the claims of the proposed class representative is typical of the claims
26   of the class; and (4) the proposed class representative and his counsel will fairly and adequately
27   protect the interests of the class. In addition, the questions of law or fact that are common to the

28

COMPLAINT FOR DAMAGES                    - 6 -

1  class predominate over any questions affecting only individual class members and a class action is

2  superior to other available means for fairly and efficiently adjudicating the controversy.

3      a.    Ascertainability and Numerosity: The potential California Class Members as

4  defined herein are so numerous that joinder would be impracticable. Defendant has employed

5  more than 200 Account Executives during the Class Period, and it can further be presumed that

6  California Class Members' residences are dispersed throughout California, and that some

7  California Class Members no longer reside in the state. The names and addresses of the California

8  Class Members are available to the Defendant. Notice can be provided to the California Class

9  Members via first class mail using techniques and a form of notice similar to those customarily

10  used in class action lawsuits of this nature.

11      b.    Commonality and Predominance of Common Questions: There are questions

12  of law and fact common to Plaintiff and the California Class Members that predominate over any

13  questions affecting only individual members of the Class. These common questions of law and

14  fact include, but are not limited to:

15          i.    Whether Defendant has failed to pay California Class Members

16  overtime wages for time worked in excess of forty (40) hours per week and/or eight (8) hours per

17  day:

18          ii.   Whether Defendant has violated sections 510 of the California Labor

19  Code and IWC Wage Order No. 4, § 3, by its failure to pay California Class Members overtime

20  compensation;

21          iii.  Whether Defendant's failure to pay overtime compensation to

22  California Class Members constitutes an unlawful, unfair, and/or fraudulent business practice

23  under California Business & Professions Code §§ 17200 *et seq.*;

24          iv.   Whether Defendant has violated California Labor Code §§ 201 and

25  202 by failing, upon termination, to timely pay California Class Members wages that were due for

26  overtime wages, and whether such failure was willful;

27          v.    Whether Defendant's failure to pay all compensation owed to

28  COMPLAINT FOR DAMAGES                    - 7 -

California Class Members at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code § 17200 *et seq.*;

vi. Whether Defendant has knowingly and intentionally violated California Labor Code § 226(a) by failing to furnish California Class Members with accurate written itemized statements at the time of the payment of their wages showing their total hours worked; and,

vii. The proper measure of damages, restitution, interest, and penalties owed to Plaintiff and the California Class Members.

c. Typicality: Plaintiff's claims are typical of the claims of the other California Class Members. Defendant's common course of unlawful conduct has caused Plaintiff and California Class Members to sustain the same or similar injuries and damages caused by the same common policies, practices, and decisions of Defendant. Plaintiff's claims are thereby representative of and co-extensive with the claims of the other California Class Members.

d. Adequacy of Representation: Plaintiff is a member of the Rule 23 Class defined herein, does not have any conflicts of interest with other California Class Members, and will prosecute the case vigorously on behalf of the class. Plaintiff will fairly and adequately represent and protect the interests of the California Class Members. Plaintiff has retained attorneys who are competent and experienced in litigating large employment class actions, including large wage and hour class actions.

## VIII. DAMAGES

23. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiff and similarly situated Class and Collective Action Members are owed overtime compensation, interest, liquidated damages, restitution, and available statutory penalties, the precise amounts of which will be proven at trial.

COMPLAINT FOR DAMAGES - 8 -

1

2

## IX.   CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### FLSA CLAIMS, 29 U.S.C. § 201, *ET SEQ.*
### (ON BEHALF OF PLAINTIFF AND
### FLSA COLLECTIVE ACTION MEMBERS)

24.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself  and all FLSA Collective Action Members.

25.     At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203.  At all relevant times, Defendant has employed, and continues to employ, as "employee[s]," Plaintiff and each of the FLSA Collective Action Members.  At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

26.     Plaintiff consents to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).  Copies of Plaintiff's consent to sue are attached hereto as Exhibit A.

27.     The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

28.     The FLSA Collective Action Members are entitled to overtime compensation for all overtime hours worked.

29.     At all relevant times, Defendant had a policy and practice of not paying FLSA Collective Action Members at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

30.     By failing to compensate Plaintiff and the FLSA Collective Action Members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1).

COMPLAINT FOR DAMAGES                           - 9 -

31.     Defendant's violations have at all relevant times been willful because, among other reasons, Defendant has known of or shown reckless disregard for the status of Plaintiff and FLSA Collective Action Members as nonexempt employees, and Defendant has had actual and/or constructive knowledge of Plaintiff and FLSA Collective Action Members working overtime hours for which they have not been compensated at the rate of no less than one and one-half times their regular rate of pay.

32.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff and FLSA Collective Action Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime compensation, interest, liquidated damages, and attorneys' fees and costs, as provided by the FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as the Court deems just and proper.

## SECOND CLAIM FOR RELIEF
### FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION
### (CAL. LABOR CODE §§ 510, 1194; IWC WAGE ORDER NO. 4.)
### (ON BEHALF OF PLAINTIFF AND ALL CALIFORNIA CLASS MEMBERS)

33.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Rule 23 Class of similarly situated California Class Members.

34.     By failing to pay overtime compensation to Plaintiff and similarly situated California Class Members as alleged above, Defendant has violated and continue to violate California Labor Code § 510 and IWC Wage Order No. 4, § 3, which require, among other things, that employers pay their non-exempt employees at the rate of no less than one and one-half times the employee's regular rate for all hours above forty (40) worked in a workweek and all hours above eight (8) worked in a workday.

35.     As a direct and proximate result of Defendant's unlawful acts, Plaintiff and California Class Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime

COMPLAINT FOR DAMAGES                                    - 10 -

compensation, interest, and attorneys' fees and costs, as provided under California Labor Code §

1194 and other applicable provisions of California law, and such other legal and equitable relief as

the Court deems just and proper.

## THIRD CLAIM FOR RELIEF
### FAILURE TO PAY ALL WAGES DUE AT TERMINATION
### (CAL. LABOR CODE §§ 201, 202, 203)
### (ON BEHALF OF PLAINTIFF AND ALL CALIFORNIA CLASS MEMBERS)

36.     The allegations of each of the preceding paragraphs are re-alleged and incorporated

herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the

above-described Rule 23 Class of similarly situated California Class Members.

37.     California Labor Code § 201 provides that an employer is required to provide an

employee who is terminated all accrued wages and compensation at the time of termination.  Labor

Code § 202 provides that an employer is required to provide an employee who resigns all unpaid

wages within 72 hours of their resignation, or upon resignation if the employee has provided at

least 72 hours' notice.  Under Labor Code § 203, if an employer willfully fails to pay such wages,

for every day that final wages or any part of the final wages remain unpaid, the employer is liable

for a penalty equivalent to the employee's daily wage, for a maximum of 30 days.

38.     During the relevant time period, Plaintiff and all other California Class Members

who are former employees of Defendant ended their employment relationship with Defendant

through either involuntary termination or resignation.  Defendant, however, as described above,

willfully failed and refused to pay these persons all accrued overtime wages owed immediately

upon termination or resignation, or within 72 hours of their resignation, as required under

California Labor Code  §§ 201 and 202, respectively.

39.     As a result of its willful failure to timely pay all overtime wages owed at the time of

termination, or, as applicable, within 72 hours of resignation, Defendant is liable to Plaintiff and all

other California Class Members who are former employees waiting time penalties under California

Labor Code § 203.

COMPLAINT FOR DAMAGES                                - 11 -

### FOURTH CLAIM FOR RELIEF
### VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)
### (CAL. BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.*)
### (ON BEHALF OF PLAINTIFF AND ALL CALIFORNIA CLASS MEMBERS)

40.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Rule 23 Class of similarly situated California Class Members.

41.     California Business & Professions Code § 17200, *et seq.* ("UCL") prohibits "unfair competition" in the form of any unlawful, unfair, or fraudulent business act or practice.

42.     Beginning at an exact date unknown to Plaintiff, but at least four years prior to the filing of this action, Defendant has engaged in unfair competition as defined by the UCL by, and as further described above: (1) failing to pay overtime compensation to Plaintiff and similarly situated California Class Members in violation of California Labor Code § 510 and IWC Wage Order No. 4, § 3; (2) failing to pay Plaintiff and similarly situated California Class Members all due and unpaid overtime wages upon termination in violation of California Labor Code §§ 201 and 202; and (3) failing to pay overtime compensation to Plaintiff and similarly-situated California Class Members in violation of the FLSA, 29 U.S.C. § 207(a)(1).

43.     Plaintiff and similarly-situated California Class Members have suffered injury in fact and have lost money as a direct and proximate result of Defendant's unfair competition, including, but not limited to, money due to them as overtime compensation, which money has been acquired by Defendant by means of its unfair competition within the meaning of the UCL.

44.     Pursuant to the UCL, Cal. Bus. & Prof. Code §§ 17203, 17204, and 17208, Plaintiff is entitled to maintain an action on behalf of himself and on behalf of similarly situated California Class Members for restitution for all unpaid overtime wages since four years prior to the filing of this action, including interest, and such other relief as the Court deems just and proper.

COMPLAINT FOR DAMAGES                                    - 12 -

1
2
3

**FIFTH CLAIM FOR RELIEF**
**CALIFORNIA WAGE STATEMENT VIOLATIONS**
**(CAL. LAB. CODE § 226)**
**(ON BEHALF OF PLAINTIFF AND ALL CALIFORNIA CLASS MEMBERS)**

4
5
6

45.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiff alleges as follows a claim of relief on behalf of himself and the above-described Rule 23 Class of similarly situated California Class Members.

7
8
9
10
11

46.     Pursuant to California Labor Code § 226(a), Defendant has at all relevant times been required, semimonthly or at the time of each payment of wages, to furnish employees such as Plaintiff and California Class Members accurate itemized written statements containing all the information described in that statute, including, but not limited to, the total hours worked by the employee.

12
13
14
15

47.     Defendant has knowingly and intentionally failed to comply with California Labor Code § 226(a) by, among other things, knowingly and intentionally failing to furnish Plaintiff and California Class Members with accurate itemized written statements showing their total hours worked.

16
17
18
19
20

48.     Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.

21
22
23
24
25
26
27
28

49.     As a direct and proximate result of Defendant's conduct, Plaintiff and California Class Members have been injured by, among other things, not receiving the information required by California Labor Code § 226(a), not being paid for their overtime hours, not having records showing their total hours worked, not being able to ascertain from their wage statements whether or how they have been lawfully compensated for all hours worked, not being able to determine their effective wage rates, having to expend time and other resources in order to estimate or reconstruct their hours worked and effective wage rates, being required to file or participate in this action in order to recover their wages and determine the amount of hours worked and wages due,

COMPLAINT FOR DAMAGES                                    - 13 -

1  and being induced not to record all their time worked, with the substantial risk that even through

2  this action they will not be able to recover all the compensation they should have been paid for all

3  time worked.

4      50.    Plaintiff and the Plaintiff Class are entitled to recover in a civil action the damages

5  and/or "penalties" provided by Labor Code § 226(e), including interest thereon, and reasonable

6  attorneys' fees and costs.

7  ## X.    PRAYER FOR RELIEF

8      51.    WHEREFORE, Plaintiff, on behalf of himself and all FLSA Collective Action

9  Members, prays for relief as follows:

10      A.    Designation of this action as a collective action on behalf of the FLSA Collective

11  Action Members as to the FLSA claims and prompt issuance of notice pursuant to 29 U.S.C. §

12  216(b) to potential FLSA Collective Action Members, apprising them of the pendency of this

13  action, and providing them with notice of their right to assert timely FLSA claims in this action by

14  filing individual consent forms pursuant to 29 U.S.C. § 216(b);

15      B.    Designation of Plaintiff as Representative of the FLSA Collective Action Members;

16      C.    A declaratory judgment that the practices complained of herein are unlawful under

17  the FLSA;

18      D.    An award of damages, according to proof, including liquidated damages, to be paid

19  by Defendant;

20      E.    Costs of action incurred herein, including expert fees;

21      F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

22      G.    Pre-judgment and post-judgment interest, as provided by law; and

23      H.    Such other relief as this Court deems necessary, just, and proper.

24      52.    WHEREFORE, Plaintiff on behalf of himself and the above-described Rule 23

25  Class of similarly situated California Class Members, requests relief as follows:

26      A.    Certification of the above-described Rule 23 Class as a class action, pursuant to

27  Rule 23 of the Federal Rules of Civil Procedure;

28  COMPLAINT FOR DAMAGES        - 14 -

B.      Provision of class notice to all California Class Members;

C.      A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

     1.      Cal. Labor Code §§ 510, 1194 *et seq.* and IWC wage order No. 4, by failure to pay overtime compensation to California Class Members;

     2.      Cal. Labor Code §§ 201 and 202, by willful failure to pay overtime compensation at the time of termination of employment;

     3.      Cal. Business and Professions Code §§ 17200 *et seq.*, by failure to pay overtime compensation due to California Class Members under California law and the FLSA and by willfully failing to pay all compensation owed to California Class Members upon termination of employment; and,

     4.      Cal. Labor Code § 226(a), by failure to provide itemized written statements semimonthly or at the time of payment of wages showing all the information required by California law, including but not limited to total hours worked;

D.      A declaratory judgment that Defendant's violations as described above were willful and/or knowing and intentional;

E.      An equitable accounting to identify, locate, and restore to all current and former California Class Members the overtime wages due;

F.      An award to Plaintiff and the California Class Members of damages in the amount of unpaid overtime compensation, including interest thereon pursuant to Cal. Labor Code §§ 218.6 and 1194, Cal. Civ. Code §§ 3287, 3288, and 3289 and/or other applicable law, subject to proof at trial;

G.      An award of penalties owed, pursuant to Labor Code § 203, to all California Class Members who separated from Defendant's employ without receiving all overtime compensation owed at the time of separation;

H.      An order requiring Defendant to pay restitution of all amounts owed to Plaintiff and similarly situated California Class Members for Defendant's failure to pay legally required

COMPLAINT FOR DAMAGES          - 15 -

1    overtime pay (under state and federal law), and interest thereon, in an amount according to proof,

2    pursuant to Business & Professions Code § 17203 and other applicable law;

3        I.        An award to Plaintiff and the California Class Members of damages and/or

4    "penalties" as set forth in California Labor Code § 226(e).

5        I.        An award to Plaintiff and the California Class Members of reasonable attorneys'

6    fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5, Cal. Labor Code §§ 226(e) and

7    1194, and/or other applicable law.

8        J.        An award to Plaintiff and the California Class Members of such other and further

9    relief as this Court deems just and proper.

10

11   DATED:  March 29, 2011

                                           RUKIN HYLAND DORIA & TINDALL LLP
12

13
                                           By
14                                             PETER RUKIN
                                               Attorneys for Plaintiff
15
                                           Peter Rukin, Esq., SBN 178336
16                                         RUKIN HYLAND DORIA & TINDALL LLP
                                           100 Pine Street, Suite 2150
17                                         San Francisco, CA 94111
                                           Telephone: (415) 421-1800
18                                         Facsimile:  (415) 421-1700
                                           E-mail: peterrukin@rhdtlaw.com
19

20

21

22

23

24

25

26

27

28   COMPLAINT FOR DAMAGES                         - 16 -

**DEMAND FOR JURY TRIAL**

Plaintiff hereby demands a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

DATED: March 29, 2011                    RUKIN HYLAND DORIA & TINDALL LLP

By _____
PETER RUKIN
Attorneys for Plaintiff

Peter Rukin, Esq., SBN 178336
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile: (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

COMPLAINT FOR DAMAGES                    - 17 -