Peter Rukin (SBN 178336)
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile:  (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

Rosa Vigil-Gallenberg (SBN 251872)
GALLENBERG PC
333 S. Grand Ave, 25th Floor
Los Angeles, CA 90071
Telephone:    (213) 943-1343
Facsimile:     (213) 254-0400
Email: rosa@gallenberglaw.com

Todd Heyman (*pro hac vice* application to be filed)
SHAPIRO HABER & URMY LLP
53 State Street 13th Floor
Boston, MA 02109
Telephone: (617) 439-3939
Facsimile: (617) 439-0134
E-mail: theyman@shulaw.com

Attorneys for Representative Plaintiffs
and the Plaintiff Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JUSTIN LARKIN, ANTHONY TIJERINO, and AHMAD DEANES, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>YELP! INC.,<br><br>Defendant. | Case No.  3:11-cv-01503-EMC<br><br>**FIRST AMENDED COMPLAINT FOR DAMAGES**<br>**<u>FLSA COLLECTIVE ACTION</u>**<br>**<u>RULE 23 CLASS ACTION</u>**<br>**(1) FLSA OVERTIME (29 U.S.C. §§ 207; 216(b), 255(a));**<br>**(2) CALIFORNIA OVERTIME (Cal. Lab. Code §§ 510, 1194; IWC Wage Order No. 4, § 3);**<br>**(3) WAITING TIME PENALTIES (Cal. Lab. Code §§ 201, 202, 203);**<br>**(4) UCL RESTITUTION**<br>**(CA Bus. & Prof. Code §§ 17200 *et seq.*)**<br>**(5) ITEMIZED WAGE STATEMENT DAMAGES (Cal. Lab. Code § 226(a), 226(e))**<br>**DEMAND FOR JURY TRIAL** |

FIRST AMENDED COMPLAINT FOR DAMAGES            - 1 -

1. On information and belief, Plaintiffs Justin Larkin, Anthony Tijerino, and Ahmad Deanes ("Plaintiffs"), on behalf of themselves and all others similarly situated allege as follows:

### I. JURISDICTION

2. The Court has original jurisdiction over Plaintiffs' First Claim for Relief pursuant to 28 U.S.C. §1331 and 29 U.S.C. §§ 207 and 216(b).

3. This Court has supplemental jurisdiction over Plaintiffs' Second, Third, Fourth, and Fifth Claims for Relief pursuant to 28 U.S.C. § 1367(a).

### II. VENUE AND INTRADISTRICT ASSIGNMENT

4. Venue is proper in this district pursuant to 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred here. Plaintiffs Tijerino and Larkin worked for Defendant in its offices within this district, specifically, Defendant's offices in San Francisco. Accordingly, a substantial part of the events or omissions which give rise to the claim occurred in San Francisco County, and within the Division and Courthouse in which this action has been commenced.

### III. INTRODUCTION

5. Plaintiffs' claims in this case are based on the failure of Defendant Yelp! Inc. ("Defendant") to pay overtime wages to Plaintiffs and other similarly-situated "Account Executive" employees for the substantial overtime hours they have worked. Defendant has classified Account Executive employees, including Account Executive Trainees, Junior Account Executives, Account Executives, and Senior Account Executives (collectively, "Account Executives") as "exempt" from the federal and California laws requiring the payment of overtime wages for all overtime hours worked, and, on that basis, has failed to pay Account Executives for their overtime hours worked. Defendant's failure to pay overtime wages to its Account Executives is a violation of California and federal law because Account Executives do not satisfy the requirements of any applicable exemption from the federal or California overtime laws.

6. Plaintiffs bring claims for payment of overtime, liquidated damages, interest, and attorneys' fees and costs under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA") on

behalf of similarly situated individuals who have worked as Account Executives for Defendant ("FLSA Collective Action Members"). These claims are brought on behalf of Plaintiffs and all FLSA Collective Action Members during the period commencing three years prior to the filing of their respective consents to be included in this collective action (the "Collective Action Period").

7. Plaintiffs Larkin and Tijerino also bring claims under California law for overtime compensation, other damages, restitution, statutory penalties, interest, and attorneys' fees and costs. These California claims are brought pursuant to Federal Rule of Civil Procedure 23 on behalf of all persons who worked as Account Executives in California ("California Class Members") at any time during the period commencing four years prior to the filing of this action (the "Class Period").

8. The California Class Members and FLSA Collective Action Members shall hereinafter be collectively referred to as "Class and Collective Action Members."

### IV. PARTIES

**A. Plaintiffs**

9. Plaintiff Justin Larkin is a citizen of California residing in the city and county of San Francisco. Mr. Larkin was employed by and worked for Defendant in its San Francisco offices as an Account Executive from approximately September 2008 until March 2009.

10. Plaintiff Anthony Tijerino is a citizen of California residing in the city and county of San Francisco. Mr. Tijerino was employed by and worked for Defendant in its San Francisco offices as an Account Executive from approximately February 2010 through November, 2010.

11. Plaintiff Ahmad Deanes is a citizen of Arizona. Mr. Deanes worked for Defendant in its Scottsdale, Arizona office as an Account Executive from approximately October, 2010 until January, 2011.

**B. Defendant**

12. Defendant Yelp! Inc. is a corporation with its principal place of business in San Francisco, California. At all times relevant to this action, Defendant has been an employer covered by the FLSA, the California Labor Code, and the California Industrial Welfare Commission Wage

FIRST AMENDED COMPLAINT FOR DAMAGES - 3 -

Order ("IWC Wage Order") applicable to Defendant's industry or its Account Executives' occupation, which is presumed to be IWC Wage Order No. 4.

## V.     STATEMENT OF FACTS

13.     Defendant owns and operates a website(s) whose purpose is to help people find local businesses to patronize. Defendant is not engaged in retail sales. Rather, Yelp makes money by selling online advertising products to businesses. Regardless of their specific job title – Account Executive Trainee, Junior Account Executive, Account Executive, or Senior Sales Account Executives – all Class and Collective Action Members have had the same core job duty of, and have spent the vast majority of their work time, trying to sell Yelp's advertising products. More specifically, Class and Collective Action Members are primarily engaged in making calls to potential sales leads from Yelp's offices to pitch Yelp's advertising products and try to produce individual sales of those products.

14.     Yelp has paid all Class and Collective Action Members under a common compensation plan and policy. At all times during the period covered by this action, all Class and Collective Action Members have been paid a base salary. During the relevant time period herein, Class and Collective Action Members have also had the ability to earn additional compensation or move to a higher level of compensation based on their performance. Regardless of the specific compensation plan that has been in effect at any given time, during all time periods relevant to this action, the majority of all Class and Collective Action Members compensation has been comprised of base salary.

15.     During the time period covered by this action, all Class and Collective Action Members have worked more than forty (40) hours in a workweek and/or more than eight (8) hours in a workday ("overtime"). Plaintiffs worked overtime, observed other Class and Collective Action Members work overtime, and also learned of other Class and Collective Action Members working overtime through their conversations with other Class and Collective Action Members. Throughout the time period covered by this action, Defendant has had actual or constructive knowledge that Class and Collective Action Members have been working overtime. For example,

FIRST AMENDED COMPLAINT FOR DAMAGES     - 4 -

Class and Collective Action Members have regularly been present in Defendant's offices working overtime. Further, Defendant has induced Class and Collective Action Members to work overtime by establishing compensation plans under which Class and Collective Action Members were promised additional compensation above what would otherwise be their base salary if they met or exceeded certain sales quotas that Defendant set.

16. Defendant has classified all Class and Collective Action Members as being exempt from federal and California laws requiring the payment of overtime wages for overtime on a categorical, class wide basis. On the basis of this common, class wide exempt classification, Defendant has maintained and applied a single common policy, plan, and practice of not paying any Class and Collective Action Members the overtime wages required under the FLSA or California law for overtime work by non-exempt employees – i.e., at least one and one half times the employee's regular rate for all overtime work. The legality of this common policy, plan and practice is at issue in this lawsuit. In fact, Class and Collective Action Members have not been exempt from overtime under either federal or California law at any time during the Class Period or Collective Action Period during which they have been employed as Account Executives.

17. Defendant has not kept records of Class and Collective Action Members' work hours. The itemized statements that Defendant has furnished to Class and Collective Action Members at the time they are paid their wages do not show their total hours worked or their overtime hours.

18. Defendant has induced and misled Class and Collective Action Members to believe they are exempt from overtime by communicating to them as a matter of purported fact that they are exempt from overtime.

### VI. COLLECTIVE ACTION ALLEGATIONS

19. Plaintiffs brings the First Claim For Relief for violations of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b) on behalf of the FLSA Collective Action Members, who include all persons who have worked for Defendant in California, New York, Arizona, and other states as Account Executives (including Account Executive Trainees,

FIRST AMENDED COMPLAINT FOR DAMAGES         - 5 -

Junior Account Executives, Account Executives, and Senior Account Executives) at any time within the applicable statutory time period.

20. Plaintiffs and the FLSA Collective Action Members performed the same or substantially similar duties for Defendant, were subject to Defendant's common policy and practice of not paying at least one and one-half times the employee's regular rate for overtime, have otherwise been subject to common compensation plans, policies and practices, and are otherwise "similarly situated" employees within the meaning of the FLSA.

21. The First Claim For Relief for violations of the FLSA may be brought and maintained as an "opt-in" action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b), because Plaintiffs' claims and all FLSA Collective Action Members are similarly situated.

22. The names and addresses of the FLSA Collective Action Members are available from Defendant. Accordingly, Plaintiffs pray herein for an order requiring Defendant to provide the names and all available contact information for all FLSA Collective Action Members, so notice can be provided to them of the pendency of this action, and their right to opt-in to this action. Plaintiffs further pray that the applicable statute of limitations be tolled based on, among other reasons, Defendant's conduct in misrepresenting the facts to Collective Action Members with regard to their eligibility for overtime pay.

## VII. RULE 23 CLASS ACTION ALLEGATIONS

23. Plaintiffs Larkin and Tijerino bring all claims alleged herein under California law as class action claims on behalf of, and seeks to have certified pursuant to Rule 23 of the Federal Rules of Civil Procedure, the class comprised of:

> All persons who have been employed by Yelp! Inc. as Account Executives (including but not limited to Account Executive Trainees, Junior Account Executives, Account Executives, and Senior Account Executives) in the state of California during any portion of the period commencing four years from the filing of this action through the entry of final judgment in this action.

FIRST AMENDED COMPLAINT FOR DAMAGES - 6 -

24.   The class claims herein have been brought and may properly be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure because (1) the class is so numerous that joinder of all class members is impracticable; (2) there are questions of law and or fact common to the class; (3) the claims of the proposed class representatives are typical of the claims of the class; and (4) the proposed class representatives and their counsel will fairly and adequately protect the interests of the class.  In addition, the questions of law or fact that are common to the class predominate over any questions affecting only individual class members and a class action is superior to other available means for fairly and efficiently adjudicating the controversy.

   a.   <u>Ascertainability and Numerosity</u>: The potential California Class Members as defined herein are so numerous that joinder would be impracticable.  Defendant has employed more than 200 Account Executives during the Class Period, and it can further be presumed that California Class Members' residences are dispersed throughout California, and that some California Class Members no longer reside in the state.  The names and addresses of the California Class Members are available to the Defendant.  Notice can be provided to the California Class Members via first class mail using techniques and a form of notice similar to those customarily used in class action lawsuits of this nature.

   b.   <u>Commonality and Predominance of Common Questions</u>: There are questions of law and fact common to Plaintiffs and the California Class Members that predominate over any questions affecting only individual members of the Class.  These common questions of law and fact include, but are not limited to:

      i.   Whether Defendant has failed to pay California Class Members overtime wages for time worked in excess of forty (40) hours per week and/or eight (8) hours per day:

      ii.   Whether Defendant has violated sections 510 of the California Labor Code and IWC Wage Order No. 4, § 3, by its failure to pay California Class Members overtime compensation;

FIRST AMENDED COMPLAINT FOR DAMAGES                - 7 -

    iii. Whether Defendant's failure to pay overtime compensation to California Class Members constitutes an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code §§ 17200 *et seq.*;

    iv. Whether Defendant has violated California Labor Code §§ 201 and 202 by failing, upon termination, to timely pay California Class Members wages that were due for overtime wages, and whether such failure was willful;

    v. Whether Defendant's failure to pay all compensation owed to California Class Members at time of termination of employment constituted an unlawful, unfair, and/or fraudulent business practice under California Business & Professions Code § 17200 *et seq.*;

    vi. Whether Defendant has knowingly and intentionally violated California Labor Code § 226(a) by failing to furnish California Class Members with accurate written itemized statements at the time of the payment of their wages showing their total hours worked; and,

    vii. The proper measure of damages, restitution, interest, and penalties owed to Plaintiffs and the California Class Members.

  c. <u>Typicality</u>: Plaintiffs' claims are typical of the claims of the other California Class Members. Defendant's common course of unlawful conduct has caused Plaintiffs and California Class Members to sustain the same or similar injuries and damages caused by the same common policies, practices, and decisions of Defendant. Plaintiffs' claims are thereby representative of and co-extensive with the claims of the other California Class Members.

  d. <u>Adequacy of Representation</u>: Plaintiffs are members of the Rule 23 Class defined herein, do not have any conflicts of interest with other California Class Members, and will prosecute the case vigorously on behalf of the class. Plaintiffs will fairly and adequately represent and protect the interests of the California Class Members. Plaintiffs have retained attorneys who are competent and experienced in litigating large employment class actions, including large wage and hour class actions.

FIRST AMENDED COMPLAINT FOR DAMAGES - 8 -

## VIII. DAMAGES

25. As a direct, foreseeable, and proximate result of Defendant's conduct, Plaintiffs and similarly situated Class and Collective Action Members are owed overtime compensation, interest, liquidated damages, restitution, and available statutory penalties, the precise amounts of which will be proven at trial.

## IX. CLAIMS FOR RELIEF

### FIRST CLAIM FOR RELIEF
### FLSA CLAIMS, 29 U.S.C. § 201, *ET SEQ*.
### (ON BEHALF OF ALL PLAINTIFFS AND FLSA COLLECTIVE ACTION MEMBERS)

26. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and all FLSA Collective Action Members.

27. At all relevant times, Defendant has been, and continues to be, an "employer" engaged in interstate "commerce" and/or in the production of "goods" for "commerce," within the meaning of the FLSA, 29 U.S.C. § 203. At all relevant times, Defendant has employed, and continues to employ, as "employee[s]," Plaintiffs and each of the FLSA Collective Action Members. At all relevant times, Defendant has had gross operating revenues in excess of $500,000.

28. Plaintiffs' consent to sue in this action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b). Copies of Plaintiff Tijerino and Deanes' consents to sue are attached hereto as Exhibit A. A copy of Plaintiff Larkin's consent to sue has already been filed in this action.

29. The FLSA requires each covered employer, such as Defendant, to compensate all non-exempt employees at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

30. The FLSA Collective Action Members are entitled to overtime compensation for all overtime hours worked.

31.     At all relevant times, Defendant had a policy and practice of not paying FLSA Collective Action Members at the rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek.

32.     By failing to compensate Plaintiffs and the FLSA Collective Action Members at a rate of not less than one and one-half times the regular rate of pay for work performed in excess of forty (40) hours in a workweek, Defendant violated, and continues to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 207(a)(1).

33.     Defendant's violations have at all relevant times been willful because, among other reasons, Defendant has known of or shown reckless disregard for the status of Plaintiffs and FLSA Collective Action Members as nonexempt employees, and Defendant has had actual and/or constructive knowledge of Plaintiffs and FLSA Collective Action Members working overtime hours for which they have not been compensated at the rate of no less than one and one-half times their regular rate of pay.

34.     As a direct and proximate result of Defendant's unlawful acts, Plaintiffs and FLSA Collective Action Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime compensation, interest, liquidated damages, and attorneys' fees and costs, as provided by the FLSA, 29 U.S.C. §§ 216(b) and 255, and such other legal and equitable relief as the Court deems just and proper.

**SECOND CLAIM FOR RELIEF**
**FAILURE TO PAY CALIFORNIA OVERTIME COMPENSATION**
**(CAL. LABOR CODE §§ 510, 1194; IWC WAGE ORDER NO. 4.)**
**(ON BEHALF OF PLAINTIFFS LARKIN AND TIJERINO AND ALL CALIFORNIA CLASS MEMBERS)**

35.     The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and the above-described Rule 23 Class of similarly situated California Class Members.

FIRST AMENDED COMPLAINT FOR DAMAGES          - 10 -

36. By failing to pay overtime compensation to Plaintiffs and similarly situated California Class Members as alleged above, Defendant has violated and continue to violate California Labor Code § 510 and IWC Wage Order No. 4, § 3, which require, among other things, that employers pay their non-exempt employees at the rate of no less than one and one-half times the employee's regular rate for all hours above forty (40) worked in a workweek and all hours above eight (8) worked in a workday.

37. As a direct and proximate result of Defendant's unlawful acts, Plaintiffs and California Class Members have been deprived of overtime compensation in an amount to be determined at trial, and are entitled to recover damages in the amount of unpaid overtime compensation, interest, and attorneys' fees and costs, as provided under California Labor Code § 1194 and other applicable provisions of California law, and such other legal and equitable relief as the Court deems just and proper.

### THIRD CLAIM FOR RELIEF
### FAILURE TO PAY ALL WAGES DUE AT TERMINATION
### (CAL. LABOR CODE §§ 201, 202, 203)
### (ON BEHALF OF PLAINTIFFS LARKIN AND TIJERINO AND ALL CALIFORNIA CLASS MEMBERS)

38. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and the above-described Rule 23 Class of similarly situated California Class Members.

39. California Labor Code § 201 provides that an employer is required to provide an employee who is terminated all accrued wages and compensation at the time of termination. Labor Code § 202 provides that an employer is required to provide an employee who resigns all unpaid wages within 72 hours of their resignation, or upon resignation if the employee has provided at least 72 hours' notice. Under Labor Code § 203, if an employer willfully fails to pay such wages, for every day that final wages or any part of the final wages remain unpaid, the employer is liable for a penalty equivalent to the employee's daily wage, for a maximum of 30 days.

40. During the relevant time period, Plaintiffs and all other California Class Members who are former employees of Defendant ended their employment relationship with Defendant

FIRST AMENDED COMPLAINT FOR DAMAGES           - 11 -

1  through either involuntary termination or resignation.  Defendant, however, as described above,
2  willfully failed and refused to pay these persons all accrued overtime wages owed immediately
3  upon termination or resignation, or within 72 hours of their resignation, as required under
4  California Labor Code §§ 201 and 202, respectively.

5        41.    As a result of its willful failure to timely pay all overtime wages owed at the time of
6  termination, or, as applicable, within 72 hours of resignation, Defendant is liable to Plaintiffs and
7  all other California Class Members who are former employees waiting time penalties under
8  California Labor Code § 203.

**FOURTH CLAIM FOR RELIEF**
**VIOLATIONS OF THE UNFAIR COMPETITION LAW (UCL)**
**(CAL. BUSINESS & PROFESSIONS CODE §§ 17200 *ET SEQ.*)**
**(ON BEHALF OF PLAINTIFFS LARKIN AND TIJERINO AND ALL CALIFORNIA CLASS MEMBERS)**

13        42.    The allegations of each of the preceding paragraphs are re-alleged and incorporated
14  herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and
15  the above-described Rule 23 Class of similarly situated California Class Members.

16        43.    California Business & Professions Code § 17200, *et seq.* ("UCL") prohibits "unfair
17  competition" in the form of any unlawful, unfair, or fraudulent business act or practice.

18        44.    Beginning at an exact date unknown to Plaintiffs, but at least four years prior to the
19  filing of this action, Defendant has engaged in unfair competition as defined by the UCL by, and as
20  further described above: (1) failing to pay overtime compensation to Plaintiffs and similarly
21  situated California Class Members in violation of California Labor Code § 510 and IWC Wage
22  Order No. 4, § 3; (2) failing to pay Plaintiffs and similarly situated California Class Members all
23  due and unpaid overtime wages upon termination in violation of California Labor Code §§ 201 and
24  202; and (3) failing to pay overtime compensation to Plaintiffs and similarly-situated California
25  Class Members in violation of the FLSA, 29 U.S.C. § 207(a)(1).

26        45.    Plaintiffs and similarly-situated California Class Members have suffered injury in
27  fact and have lost money as a direct and proximate result of Defendant's unfair competition,

FIRST AMENDED COMPLAINT FOR DAMAGES    - 12 -

including, but not limited to, money due to them as overtime compensation, which money has been acquired by Defendant by means of its unfair competition within the meaning of the UCL.

46. Pursuant to the UCL, Cal. Bus. & Prof. Code §§ 17203, 17204, and 17208, Plaintiffs are entitled to maintain an action on behalf of themselves and on behalf of similarly situated California Class Members for restitution for all unpaid overtime wages since four years prior to the filing of this action, including interest, and such other relief as the Court deems just and proper.

## FIFTH CLAIM FOR RELIEF
### CALIFORNIA WAGE STATEMENT VIOLATIONS
### (CAL. LAB. CODE § 226)
### (ON BEHALF OF PLAINTIFFS LARKIN AND TIJERINO AND ALL CALIFORNIA CLASS MEMBERS)

47. The allegations of each of the preceding paragraphs are re-alleged and incorporated herein by reference, and Plaintiffs allege as follows a claim of relief on behalf of themselves and the above-described Rule 23 Class of similarly situated California Class Members.

48. Pursuant to California Labor Code § 226(a), Defendant has at all relevant times been required, semimonthly or at the time of each payment of wages, to furnish employees such as Plaintiffs and California Class Members accurate itemized written statements containing all the information described in that statute, including, but not limited to, the total hours worked by the employee.

49. Defendant has knowingly and intentionally failed to comply with California Labor Code § 226(a) by, among other things, knowingly and intentionally failing to furnish Plaintiffs and California Class Members with accurate itemized written statements showing their total hours worked.

50. Under Labor Code § 226(e), an employee suffering injury as a result of a knowing and intentional failure by an employer to comply with § 226(a) is entitled to recover the greater of all actual damages or fifty dollars ($50) for the initial pay period in which a violation occurs and one hundred dollars ($100) for each violation in a subsequent pay period, up to a maximum amount of $4,000.

FIRST AMENDED COMPLAINT FOR DAMAGES - 13 -

51. As a direct and proximate result of Defendant's conduct, Plaintiffs and California Class Members have been injured by, among other things, not receiving the information required by California Labor Code § 226(a), not being paid for their overtime hours, not having records showing their total hours worked, not being able to ascertain from their wage statements whether or how they have been lawfully compensated for all hours worked, not being able to determine their effective wage rates, having to expend time and other resources in order to estimate or reconstruct their hours worked and effective wage rates, being required to file or participate in this action in order to recover their wages and determine the amount of hours worked and wages due, and being induced not to record all their time worked, with the substantial risk that even through this action they will not be able to recover all the compensation they should have been paid for all time worked.

52. Plaintiffs and the Plaintiff Class are entitled to recover in a civil action the damages and/or "penalties" provided by Labor Code § 226(e), including interest thereon, and reasonable attorneys' fees and costs.

### X. PRAYER FOR RELIEF

53. WHEREFORE, Plaintiffs, on behalf of themselves and all FLSA Collective Action Members, prays for relief as follows:

A. Designation of this action as a collective action on behalf of the FLSA Collective Action Members as to the FLSA claims and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to potential FLSA Collective Action Members, apprising them of the pendency of this action, and providing them with notice of their right to assert timely FLSA claims in this action by filing individual consent forms pursuant to 29 U.S.C. § 216(b);

B. Designation of Plaintiffs as Representative of the FLSA Collective Action Members;

C. A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

D. An award of damages, according to proof, including liquidated damages, to be paid

FIRST AMENDED COMPLAINT FOR DAMAGES - 14 -

1  by Defendant;

2      E.    Costs of action incurred herein, including expert fees;

3      F.    Attorneys' fees, including fees pursuant to 29 U.S.C. § 216;

4      G.    Pre-judgment and post-judgment interest, as provided by law; and

5      H.    Such other relief as this Court deems necessary, just, and proper.

6      54.    WHEREFORE, Plaintiffs Larkin and Tijerino, on behalf of themselves and the above-described Rule 23 Class of similarly situated California Class Members, requests relief as follows:

9      A.    Certification of the above-described Rule 23 Class as a class action, pursuant to Rule 23 of the Federal Rules of Civil Procedure;

11      B.    Provision of class notice to all California Class Members;

12      C.    A declaratory judgment that Defendant has knowingly and intentionally violated the following provisions of law:

14      1.    Cal. Labor Code §§ 510, 1194 *et seq.* and IWC wage order No. 4, by failure to pay overtime compensation to California Class Members;

16      2.    Cal. Labor Code §§ 201 and 202, by willful failure to pay overtime compensation at the time of termination of employment;

18      3.    Cal. Business and Professions Code §§ 17200 *et seq.*, by failure to pay overtime compensation due to California Class Members under California law and the FLSA and by willfully failing to pay all compensation owed to California Class Members upon termination of employment; and,

22      4.    Cal. Labor Code § 226(a), by failure to provide itemized written statements semimonthly or at the time of payment of wages showing all the information required by California law, including but not limited to total hours worked;

25      D.    A declaratory judgment that Defendant's violations as described above were willful and/or knowing and intentional;

27      E.    An equitable accounting to identify, locate, and restore to all current and former

28

FIRST AMENDED COMPLAINT FOR DAMAGES     - 15 -

1  California Class Members the overtime wages due;

2      F.    An award to Plaintiffs and the California Class Members of damages in the amount of unpaid overtime compensation, including interest thereon pursuant to Cal. Labor Code §§ 218.6 and 1194, Cal. Civ. Code §§ 3287, 3288, and 3289 and/or other applicable law, subject to proof at trial;

6      G.    An award of penalties owed, pursuant to Labor Code § 203, to all California Class Members who separated from Defendant's employ without receiving all overtime compensation owed at the time of separation;

9      H.    An order requiring Defendant to pay restitution of all amounts owed to Plaintiffs and similarly situated California Class Members for Defendant's failure to pay legally required overtime pay (under state and federal law), and interest thereon, in an amount according to proof, pursuant to Business & Professions Code § 17203 and other applicable law;

13      I.    An award to Plaintiffs and the California Class Members of damages and/or "penalties" as set forth in California Labor Code § 226(e).

15      I.    An award to Plaintiffs and the California Class Members of reasonable attorneys' fees and costs, pursuant to Cal. Code of Civil Procedure § 1021.5, Cal. Labor Code §§ 226(e) and 1194, and/or other applicable law.

18      J.    An award to Plaintiffs and the California Class Members of such other and further relief as this Court deems just and proper.

DATED: April 19, 2011

RUKIN HYLAND DORIA & TINDALL LLP

By    /s/
    PETER RUKIN
    Attorneys for Plaintiffs

Peter Rukin, Esq., SBN 178336
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile:  (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

FIRST AMENDED COMPLAINT FOR DAMAGES     - 16 -

**DEMAND FOR JURY TRIAL**

Plaintiffs hereby demand a jury trial on all causes of action and claims with respect to which he has a right to jury trial.

DATED: April 19, 2011                    RUKIN HYLAND DORIA & TINDALL LLP


By   /s/
     PETER RUKIN
     Attorneys for Plaintiffs

Peter Rukin, Esq., SBN 178336
RUKIN HYLAND DORIA & TINDALL LLP
100 Pine Street, Suite 2150
San Francisco, CA 94111
Telephone: (415) 421-1800
Facsimile:  (415) 421-1700
E-mail: peterrukin@rhdtlaw.com

FIRST AMENDED COMPLAINT FOR DAMAGES             - 17 -